**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JEFFREY S. RANEN, SB# 224285
　E-Mail: Jeffrey.Ranen@lewisbrisbois.com
DANIEL D. SPENCER, SB# 292078
　E-Mail: Daniel.Spencer@lewisbrisbois.com
KELLEY M. FOX, SB# 309272
　E-Mail: Kelley.Fox@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant Belmont Village, L.P.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA BACCHUS, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>BELMONT VILLAGE, L.P., a Delaware limited partnership; and DOES 1 through 100, Inclusive,<br><br>　　　　Defendants. | Case No.<br><br>Superior Court Case No. 22STCV06621<br><br>**DEFENDANT BELMONT VILLAGE L.P.'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>Action Filed:　February 22, 2022<br>Trial Date:　　None Set |

**PLEASE TAKE NOTICE** that Defendant Belmont Village, L.P. ("Defendant") hereby removes the above-captioned action from the Superior Court of the State of California, for the County of Los Angeles, to the United States District Court for the Central District of California under 28 U.S.C. §§ 1332, 1441, 1446, and 1453. In support of this Notice of Removal, Defendant states as follows:

1. Removal is proper in this case because this Notice of Removal demonstrates that all requirements for removal under 28 U.S.C. §§ 1332(d) and 1453 pursuant to the Class Action Fairness Act ("CAFA") are met.

2. On February 22, 2022, Plaintiff Martha Bacchus ("Plaintiff") commenced this putative class action against Defendant by filing a Class Action

4881-1210-5242.3

DEFENDANT BELMONT VILLAGE L.P.'S NOTICE OF REMOVAL OF CLASS ACTION

Complaint ("Complaint") in the Superior Court of the State of California, for the County of Los Angeles, bearing the case number 22STCV06621.  The Complaint alleges nine causes of action for: (1) Failure to Pay Overtime Wages; (2) Failure to Pay Minimum Wage; (3) Failure to Pay Sick Leave; (4) Failure to Provide Meal Periods; (5) Failure to Provide Rest Breaks; (6) Failure to Pay All Wages Upon Termination; (7) Failure to Provide Accurate Wage Statements; (8) Unfair Competition; and (9) Civil Penalties Pursuant to California Labor Code § 2699.

3. Plaintiff served the Complaint on Defendant on March 10, 2022.  Declaration of Leslie White ("White Decl."), ¶ 3.  Accordingly, this Notice of Removal is timely filed within thirty days of service of process.  28 U.S.C. § 1446.

4. The Superior Court of the State of California, County of Los Angeles, is located within the Central District of California.  Thus, venue is proper under 28 U.S.C. § 84(a) because this is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

5. No previous application has been made for the relief requested herein.

6. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed, served, or received by Defendant in this action are attached hereto.  Specifically:

    a. A true and correct copy of the Complaint filed February 22, 2022 is attached hereto as Exhibit 1.  White Decl., ¶ 4.

    b. A true and correct copy of the Summons and other notices served therewith are attached hereto as Exhibit 2.  White Decl., ¶ 5.

    c. A true and correct copy of Plaintiff's Proof of Service of Summons on Defendant filed on March 24, 2022 is attached hereto as Exhibit 3.  White Decl., ¶ 6.

A true and correct copy of this Notice of Removal will be served upon all parties and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, in accordance with 28 U.S.C. § 1446(d).

## I. REMOVAL IS PROPER DUE TO THE JURISDICTION CONFERRED UNDER THE CLASS ACTION FAIRNESS ACT

7. This case is subject to removal under the CAFA of 2005. Pub. L. No. 109-2, 119 Stat. 4. 28 U.S.C. §§ 1332(d) and 1453.

8. CAFA grants federal district courts jurisdiction over civil class action lawsuits in which any plaintiff is a citizen of a state different from any defendant, and where the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d).

9. Under CAFA jurisdiction, unlike other diversity jurisdiction cases, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

10. Plaintiff purports to bring this suit on behalf of non-exempt current and former employees of Defendant within the State of California. Complaint, at ¶ 24. This class case, brought under California *Code of Civil Procedure* section 382, is a statute similar to a class action as defined in Rule 23 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1332(d)(1)(B).

11. Specifically, this Court has jurisdiction over this case under CAFA because it is a civil putative class action wherein: (1) there are 100 or more members in Plaintiff's proposed class; (2) Defendant is not a state, state official, or other governmental entity; (3) there is minimal diversity between at least one member and one defendant; and (4) the aggregate amount in controversy exceeds $5,000,000. Thus, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d) and 1453(b).

### A. The Putative Class Size Consists of More than 100 Members.

12. Plaintiff purports to bring this suit on behalf of non-exempt current and former employees of Defendant within the State of California. Complaint, at ¶ 24.

13. On the basis of its own investigation, Defendant determined through its business records that there are over approximately 5,000 current and former non-

1  exempt employees who were employed by Defendant in California between
2  February 22, 2018 and December 4, 2021. White Decl., ¶ 10.
3       14.    This is greater than the requisite 100 members required under 28
4  U.S.C. § 1332(d)(5)(B).
5       **B.**    **Defendant is Not a Government Entity.**
6       15.    Defendant is not a state, state official, or any other government entity.
7  White Decl., ¶ 7.
8       **C.**    **There is Minimal Diversity of Citizenship Between The Parties.**
9       16.    At least one member of the proposed class is a citizen of a state
10 different from Defendant. 28 U.S.C. § 1332(d)(2)(A).
11      17.    Although no *evidence* of domicile is required at the notice of removal
12 stage, "[p]roof of residence in a state is usually thought *prima facie* evidence of
13 domicile." *Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951); *see also*
14 *Barbosa v. Transp. Drivers, Inc.*, No. ED CV 15-1834-DMB (DTBx), 2015 WL
15 9272828, at *6 (C.D. Cal. 2015) ("a person's residence is *prima facie* evidence of
16 his or her place of domicile for purposes of diversity jurisdiction) (quoting *Bey v.*
17 *SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1103, 1105 (D. Or. 2012)).
18 Furthermore, "a party with the burden of proving citizenship may rely on the
19 presumption of continuing domicile, which provides that, once established, a
20 person's state of domicile continues unless rebutted with sufficient evidence of
21 change." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013).
22 Regardless, allegation of Plaintiff's citizenship is sufficient for removal. *Ehrman v.*
23 *Cox Communs., Inc.*, 932 F.3d 1223 (9th Cir. 2019).
24      18.    Further, where there are no allegations of citizenship of certain parties
25 in the complaint, a removing party may introduce "objective facts" in support of
26 removal that would tend to show the domicile or citizenship of a party in a particular
27 state. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) ("[T]he determination of
28 an individual's domicile involves a number of factors (no single factor controlling),

including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes").

19. According to the Complaint, Plaintiff is a resident of the State of California and worked for Defendant as a non-exempt employee in California. Complaint ¶ 12. This allegation establishes that she is a citizen of the State of California. *Id*. at 751 (allegations of residency can create a rebuttable presumption of domicile supporting diversity of citizenship).

20. Likewise, the members of the proposed class are Defendant's current and former employees within the State of California. Complaint ¶ 24.

21. For purposes of determining diversity under CAFA, limited partnerships are treated as "unincorporated associations."[1]  *Ramirez v. Carefusion Res., Ltd. Liab. Co.*, 2019 U.S. Dist. LEXIS 112995, No. 18-cv-2852-BEN-MSB, at *3-4 (S.D. Cal. July 1, 2019), citing *Ferrell v. Express Check Advance of South Carolina LLC* 591 F.3d 698, 705 (4th Cir. 2010), *Marroquin v. Wells Fargo, LLC*, 2011 U.S. Dist. LEXIS 10510, 2011 WL 476540, at *2 (S.D. Cal. Feb. 3, 2011) (treating an LLC as an unincorporated association under CAFA), *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032, n. 13 (9th Cir. 2009) (applying § 1332(d)(10) to a limited partnership).

22. Defendant Belmont Village, L.P., an unincorporated association, is a citizen of the state where its principal place of business is located and the state under whose law it is organized. 28 U.S.C. § 1332(d)(10). Defendant is and has been the

---

[1] The citizenship of limited partnerships and limited liability companies may be treated differently in other situations, but as the Fourth Circuit explained in *Ferrell*, for purposes of CAFA, they are treated as an "unincorporated association."

legal employer of all current and former employees at the Belmont Village communities in California during the statutory period. White Decl., ¶ 8. Defendant Belmont Village, L.P. is a limited partnership organized under the laws of Delaware. White Decl., ¶ 9. At all relevant times, its principal place of business and corporate headquarter is located in Houston, Texas. White Decl., ¶ 9. As such, Defendant Belmont Village, L.P. is a citizen of Delaware and Texas.

23. The diversity requirements of CAFA require only that the citizen of any member of the class be diverse from any defendant. Here, because the named Plaintiff is a California citizen and because Defendant is a citizen of Delaware and Texas, the "minimal diversity" requirement under CAFA is satisfied. 28 U.S.C. § 1332(d)(2)(A).

### D. The Amount in Controversy Requirement Is Satisfied.

24. Without making any admission of liability or damages with respect to any aspects of this case or the proper legal test(s) applicable to Plaintiff's allegations on behalf of herself and the putative class, the amount in controversy exceeds the jurisdictional minimum of this Court as detailed below.

25. To remove a case under CAFA, a removing defendant need not submit any evidence of the facts establishing jurisdiction in its notice of removal. *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 83 (a notice of removal "need not contain evidentiary submissions."). Rather, "[a] defendant's notice of removal need include only a plausible allegation that the jurisdictional facts exist. *Id.* at 89. Evidence is required "***only*** when plaintiff contests, or the court questions, the defendant's allegation." *Id.* (emphasis added); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir. 2019) (courts may not remand where notice of removal plausibly alleges the basis for removal, without giving the defendant an opportunity to prove the jurisdictional requirements are satisfied).

26. The amount in controversy is "simply an estimate of the total amount in dispute . . . . [and] [i]n that sense, the amount in controversy reflects the *maximum*

recovery [a] plaintiff could reasonably recover" on a complaint at the time of removal. *Id.* at 927. Moreover, "[a]n assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that the damages might be less than the requisite amount." *Ibid.* (quotation marks omitted).

27. The Supreme Court in *Dart Cherokee* held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," adding that "CAFA should be read 'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* at 89. Following *Dart Cherokee*, the Ninth Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 broadly in favor of removal . . ." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (emphasis added); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively.") In *Bridewell-Sledge v. Blue Cross*, 798 F.3d 923, 929 (9th Cir. 2015), the Ninth Circuit held that under *Dart Cherokee*, the district court erred "in its remand orders by applying a 'strong presumption against removal jurisdiction.'" *See also Moppin v. Los Robles Reg'l Med. Ctr.*, No. EDCV 15-1551 JGB (DTBx), 2015 U.S. Dist. LEXIS 129574, at *4 (C.D. Cal. 2015) ("[N]o presumption against removal exists in cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

28. Furthermore, it is permissible for Defendant, when the Complaint does not provide clear indications of the amount in controversy, to rely on putative class members' employee data and reasonably assumed violation rates based upon the Complaint when determining the amount in controversy. *Arias*, 936 F.3d at 927. *See also Jauregui v. Roadrunner Transp. Servs.*, 2022 U.S. App. LEXIS 6932 (9th Cir. Mar. 17, 2022). Defendant may rely on "a chain of reasoning that includes

assumptions." *Ibarra*, 775 F.3d at 1199.  Defendant does not need to "provide evidence proving the assumptions correct." *Arias*, 936 F.3d at 927.  Instead, "assumptions made part of the defendant's chain of reasoning need not be proven; they instead must only have 'some reasonable ground underlying them.'" *Ibid.* (citation omitted).

29. Defendant disputes that this class could ever be certified, and Defendant disputes that it is liable for any of Plaintiff's claims asserted in the Complaint.  Nevertheless, the aggregate amount in controversy, exclusive of interests and costs, exceeds $5,000,000.  28 U.S.C. § 1332(d)(2), (6).  Although Plaintiff does not plead a specific amount of damages, Defendant can demonstrate that the aggregate amount in controversy exceeds $5,000,000.  *See Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 84 ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so.").

30. Here, Plaintiff alleges that Defendant failed to pay Plaintiff and the putative class members for all hours worked, including minimum and overtime wages.  Plaintiff additionally alleges that Defendant failed to provide Plaintiff and the putative class with meal and rest periods.  Plaintiff further alleges that Defendant is liable for its failure to provide accurate wage statements, failure to pay waiting time penalties, unfair competition, and violations of the PAGA.

31. Plaintiff seeks the following relief on behalf of herself and the putative class:

    a. Compensatory damages for unpaid minimum and overtime wages;
    b. Damages for unpaid meal and rest period premiums;
    c. Penalties for inaccurate wage statements;
    d. Waiting time penalties;
    e. Restitution under *Business and Professions Code* section 17203;
    f. Pre-judgment interest;

      g.      Costs; and

      h.      Reasonable attorneys' fees.

32. The amount in controversy requirement under CAFA can easily be met by making reasonable assumptions about the putative class and by focusing on only one of the above-mentioned penalties that Plaintiff seeks to pursue against Defendant.

33. Defendant independently determined based on its own business records that Plaintiff's proposed putative class is comprised of over approximately 5,000 current and former employees in California during the period of February 22, 2018 through December 4, 2021. (White Decl., ¶ 10.)

34. Defendant independently determined that during the period of February 22, 2018 through December 4, 2021, the average hourly rate of its non-exempt California employees was approximately $16 per hour. (White Decl., ¶ 10.)

35. From February 22, 2019 to December 4, 2021, there were more than approximately 2,800 California non-exempt employees who separated from their employment with Defendant. (White Decl., ¶ 11.)

36. From its business records, Defendant determined independently that the average hourly rate of its non-exempt California employees who separated from their employment between February 22, 2019 and December 4, 2021 was approximately $17 per hour. (White Decl., ¶ 11.)

      1.    **Amount in Controversy for Failure to Timely Pay Final Wages**

37. California Labor Code sections 201 and 202 require that employees be paid all wages owed to them upon their termination from employment. Labor Code section 203 provides for waiting time penalties if an employer willfully violates these provisions. The penalties are assessed at an amount equal to the employee's daily wages for each day the wages remain unpaid, up to thirty days' wages. Labor Code § 203.

38.  Given these broad allegations, exactly as before the Court in *Soto v. Tech Packaging, Inc.*, No. ED CV 19-1766-MWF, 2019 WL 6492245, at *8-9 (C.D. Cal. Dec. 3, 2019), Defendant can reasonably and conservatively assume that the putative class members who separated from their employment with Defendant during the three-year limitation period did not receive final wages for the full 30-day period under which penalties may accrue.  *See Altamirano v. Shaw Industries, Inc.*, No. 13-cv-00939-EMC, 2013 WL 2950600, at *12 (N.D. Cal. June 14, 2013) (based on the allegations, it is reasonable to assume that all terminated employees suffered one incident of underpayment and awarding penalties for 30-day period); *see also Long v. Destination Maternity Corp.*, No. 15cv2836-WQH-RBB, 2016 WL 1604968, at *9 (S.D. Cal. Apr. 21, 2016) (finding that Defendant's assumption that final wages went unpaid for the full thirty days is reasonable where plaintiff alleges that defendant failed to pay final wages and still had not paid plaintiff all wages); *Franke v. Anderson Merchandisers LLC*, No. CV 17-3241 DSF (AFMx), 2017 WL 3224656, at *5 (C.D. Cal. July 28, 2017) (assuming 30-day period was reasonable).

39.  Plaintiff alleges in the Complaint that Defendant failed to pay Plaintiff and the putative class members all wages earned and unpaid prior to termination in accordance with Labor Code section 201 or 202.  Complaint, ¶ 71.  Plaintiff further alleges that Plaintiff and other putative class members had a pattern and practice of not paying upon termination the wages owed to them as a consequence of failing to pay non-exempt employees for earned wages.  Complaint, ¶ 71.

40.  The alleged waiting time penalties class consists of all of Defendant's hourly paid, non-exempt California employees employed within three years preceding the filing of the Complaint.  Complaint, ¶ 24.

41.  From its business records, Defendant determined that from February 22, 2019 to December 4, 2021, there were more than approximately 2,800 California non-exempt employees who separated from their employment with Defendant. (White Decl., ¶ 11.)

42. From its business records, Defendant determined that the average hourly rate of non-exempt California employees who separated from their employment was approximately $17 per hour. (White Decl., ¶ 11.)

43. Therefore, Defendant determined based on its own business records and on the allegations within Plaintiff's Complaint that the amount in controversy for Plaintiff's waiting time penalties claim alone is approximately $11,424,000 (8 work hours per day x $17 hourly rate of those employees who separated from employment x 30 days = $4,080 per putative class member x 2,800 putative class members).

44. These waiting time penalties would be in addition to any unpaid minimum or overtime wages to which Plaintiff alleges the relevant putative class members are entitled.

### 2. Attorneys' Fees

45. For CAFA cases, "attorneys' fees awarded under fee-shifting statutes or contracts are included in the amount in controversy." *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018). Further, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Ibid.* "The Defendant retains the burden, however, of proving the amount of future attorneys' fees by a preponderance of the evidence." *Id.* at 788.

46. All of the Labor Code provisions for which Plaintiff seeks damages include the provision of attorneys' fees.

47. In general, a 25% benchmark of the potential damages constitutes the potential attorneys' fees. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (holding that where attorneys' fees are permissibly used in calculating the amount in controversy, a benchmark of 25% of the common fund was appropriate). Although this is not a per se rule, a 25% benchmark of attorneys' fees is generally reasonable. *Arias*, 936 F.3d at 928.

48. In the case at hand, applying a 25% benchmark solely based on one of Plaintiff's claims for waiting time penalties results in attorneys' fees of approximately $2,856,000. This figure does not take into account the potential attorneys' fees for any of Plaintiff's other claims.

## II. NO CAFA EXCEPTIONS APPLY

49. CAFA contains a number of exceptions to its grant of original jurisdiction, contained in 28 U.S.C. sections 1332(d)(3)-(4). However, none of these exceptions are applicable here. The party resisting removal has the burden of proving the existence of a CAFA exception. *King v. Great Am. Chicken Corp.*, 903 F.3d 875, 878 (9th Cir. 2018).

50. The first is a discretionary exception based on the number of putative class members found in the state where the action was filed. *See* 28 U.S.C. § 1332(d)(3). However, the exception only applies where the "primary defendants are citizens of the State in which the action was originally filed." Here, the action was originally filed in California and, as noted above, Defendant is not a citizen of California. Thus, the exception does not apply.

51. Similarly, 28 U.S.C. section 1332(d)(4) contains two further exceptions to CAFA's grant of jurisdiction, based on the number of putative class members in the state in which the action is filed. However, these exceptions, too, only apply where all primary defendants, or at least one defendant, is a "citizen of the State in which the action was originally filed." *See* 28 U.S.C. §§ 1332(d)(4)(A)(i)(II) and 1332(d)(4)(B). Given that this action was originally filed in California, and Defendant is not a California citizen, these exceptions also do not apply.

52. In light of the sample analysis of only one of the claims Plaintiff seeks to pursue against Defendant, the aggregate amount in controversy is well in excess of $5,000,000. This analysis does not even include Plaintiff's other claims for relief that include the entirety of the class, such as unpaid wages, meal and rest period premiums, and wage statement violations. Although Defendant denies Plaintiff's

claims of wrongdoing and denies her requests for relief, based upon the above sample analysis, the total amount of monetary relief sought by Plaintiff's claims greatly exceeds the required jurisdictional minimum.

53. Removal of this matter is therefore appropriate.

## III. TIMELINESS OF REMOVAL

54. Under 28 U.S.C. section 1446(b), there are "two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005).

55. Plaintiff served the Complaint on Defendant Belmont Village, L.P. on March 10, 2022. White Decl., ¶ 3.

56. Accordingly, this Notice of Removal is timely filed within thirty days of service of process. 28 U.S.C. § 1446.

57. No previous application has been made for the relief requested herein.

## IV. NO OTHER DEFENDANTS HAVE JOINED THE ACTION

58. There are no other defendants that have been named or served in this action, thus there are no other defendants to join in this Notice of Removal.

## V. SERVICE OF NOTICE ON PLAINTIFFS AND STATE COURT

59. Contemporaneous with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to Plaintiff's counsel of record, Michael Nourmand, Esq. and James A. De Sario, Esq. of The Nourmand Law Firm, and a copy of this Notice of Removal will be served upon all parties and filed with the Clerk of the Superior Court of the State of California, for the County of Los Angeles, where the action is currently pending, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully removes this action from the Superior Court of the State of California, for the County of Los Angeles, bearing case number 22STCV06621, to this Court pursuant to 28 U.S.C. § 1332, 1441, 1446, and 1453.

DATED: April 8, 2022              LEWIS BRISBOIS BISGAARD & SMITH LLP

By:     /s/ Kelley M. Fox
Jeffrey S. Ranen
Daniel D. Spencer
Kelley M. Fox
Attorneys for Defendant Belmont Village, L.P.

